UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL D. MARTIN,

        Petitioner,

  v.                                                    Case No. 23-cv-594-pp

RANDALL HEPP,

        Respondent.

---

**ORDER SCREENING *HABEAS* PETITION AND REQUIRING RESPONDENT TO FILE RESPONSIVE PLEADING**

---

      On May 11, 2023, the petitioner, who is incarcerated at Waupun Correctional Institution and is represented by counsel, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2018 judgment of conviction for first-degree sexual assault of a child. Dkt. No. 1. He has paid the filing fee. This order screens the petition and orders the respondent to answer or otherwise respond.

**I.    Background**

      The petition refers to Portage County Case No. 2017CF000089. Dkt. No. 1 at 2. The court has reviewed the publicly available docket for that case. State v. Michael D. Martin, (available at https://wcca.wicourts.gov). The docket indicates that the State of Wisconsin filed a criminal complaint against the petitioner on February 27, 2017. Id. On February 23, 2018, a jury found the petitioner guilty of first-degree sexual assault of a child.[1] Id. On March 2, 2018,

---

[1] The docket indicates that the petitioner was charged as a persistent repeater under Wis. Stat. §939.62(2m)(b)(2).

1

the circuit court sentenced the petitioner to life in prison with no eligibility for extended supervision. Id. The court entered its judgment of conviction the same day and entered an amended judgment of conviction on June 21, 2018. Id.

On September 10, 2020, the circuit court denied the petitioner's motion for a new trial. Id. On October 14, 2021, the Wisconsin Court of Appeals affirmed the judgment of conviction and the circuit court's denial of the petitioner's motion for a new trial. Dkt. No. 1-1. On February 16, 2022, the Wisconsin Supreme Court denied his petition for review. Dkt. No. 1-2.

**II.    Rule 4 Screening**

A.    Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an

2

Case 2:23-cv-00594-PP    Filed 07/18/23    Page 2 of 6    Document 3

unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.  Analysis

The petition raises three grounds for relief, all alleging claims for ineffective assistance of trial counsel. Dkt. No. 1 at 6-8. Ground One alleges that the petitioner's trial counsel was ineffective for failing to object to the prosecutor's cross examination during trial. Id. at 6. Ground Two alleges that trial counsel was ineffective for failing to object to impeachment and rebuttal evidence. Id. at 7. Ground Three alleges that trial counsel was ineffective for failing to object to the prosecutor's closing argument when the prosecutor made several allegedly misleading statements. Id. at 8. Claims of ineffective

3

assistance of trial counsel are generally cognizable on federal *habeas* review. See Adeyanju v. Wiersma, 12 F.4th 669, 673 (7th Cir. 2021) (considering ineffective assistance of trial counsel claim on *habeas* review).

The petition appears timely. The Wisconsin Supreme Court denied the petition for review on February 16, 2022, dkt. no. 1-2, which means the petitioner's conviction would have become final ninety days later, on May 17, 2022. See United States Supreme Court Rule 13. The petitioner filed this petition on May 11, 2023, within the one-year period imposed by 28 U.S.C. §2254(d)(1)(A).

Without the benefit of examining the entire record of the petitioner's post-conviction motions in the Wisconsin state courts, the court cannot determine whether the petitioner exhausted his state court remedies. In any event, failure to exhaust state remedies is an affirmative defense, which the respondent bears the burden to prove. See Day v. McDonough, 547 U.S. 198, 199 (2006) ("This resolution aligns the statute of limitations with other affirmative defenses to habeas petitions, notably exhaustion of state remedies . . .").

The court cannot say that it plainly appears from the face of the petition that the petitioner is not entitled to relief. It will allow the petitioner to proceed on the grounds raised in his *habeas* petition.

## III. Conclusion

The court **ORDERS** that the petitioner may proceed on the grounds raised his *habeas* petition. Dkt. No. 1.

The court **ORDERS** that within sixty days of the date of this order, the respondent must answer or otherwise respond to the petition, complying with

4

Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions must not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern

5

District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ must inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ must provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 18th day of July, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**